# EXHIBIT B

Case No. 1:17-cv-00612-RM-MEH    Document 6    filed 03/08/17    USDC Colorado    pg
1 of 12

| | |
|---|---|
| District Court, Arapahoe County, Colorado<br>7325 S Potomac St,<br>Centennial, CO 80112<br><br>_____<br><br>Plaintiff(s): Tan Nguyen<br><br>v.<br><br>Defendant(s): Equifax Information Services, LLC ; Experian Information Solutions, Inc.; Trans Union, LLC | DATE FILED: March 1, 2017 3:29 PM<br>FILING ID: 39A08D4D5C7B6<br>CASE NUMBER: 2017CV30482<br><br>▲                           ▲<br><br>**COURT USE ONLY** |
| Attorneys for Plaintiff:<br>Matthew R. Osborne #40835<br>10465 Melody Dr, Ste 325<br>Northglenn, CO 80234<br>Phone Number: 303-759-7018<br>E-mail: matt@mrosbornelawpc.com | Case Number:<br><br><br><br>Division        Courtroom |
| **COMPLAINT** | |

1.  Plaintiff is an individual consumer who resides in Littleton, CO.

2.  Defendant Equifax Information Services, LLC ("Equifax" or "EFX") is a consumer reporting agency located in Atlanta, GA.

3.  Defendant Experian Information Solutions, Inc ("Experian" or "XPN") is a consumer reporting agency in Costa Mesa, CA.

4.  Defendant Trans Union, LLC ("Trans Union" or "TU") is a consumer reporting agency located in Chicago, IL.

## ALLEGATIONS AGAINST EQUIFAX

5.  In or around October 2016, Plaintiff became aware of some major problems on his Equifax report, including the following inaccuracies: 1) EFX had several names that did not belong to Plaintiff listed as Plaintiff's name; 2) EFX had several addresses that Plaintiff had never lived at listed as Plaintiff's addresses; 3) there were accounts on Plaintiff's report that did not belong to Plaintiff; 4) there were inquiries on Plaintiff's report, for which there was no permissible purpose, and for which Plaintiff did not authorize; 5) there were multiple SSNs on Plaintiff's report, even though Plaintiff only has 1 SSN; and 6) there were employers listed in the employment section that Plaintiff had no affiliation with.

6.    The causes of the inaccuracies on Plaintiff's credit report is a product of either a mixed/merged file, identity theft, a multiple file, or some combination thereof.

7.    Plaintiff disputed the inaccurate information with EFX, who failed to fix the problems. Incredibly, EFX's responses to Plaintiff's disputes were addressed to "Truang T. Nguyen" rather than to Plaintiff, and that was one of the names that appeared on Plaintiff's reports that did not belong to him.

8.    EFX also allowed Plaintiff's SSN to appear on other consumers' reports.  According to EFX's policies and procedures, EFX is supposed to do a "SSN search" in the ACRO database to confirm if the same SSN is reporting on multiple consumers' reports.  If EFX finds that multiple consumers are being reported with the same SSN, then the next step is that EFX is supposed to determine if they are the same people.  If so, then EFX is supposed to combine the files.  If not, the dispute operator is supposed to immediately contact their supervisor, who in turn is supposed to figure out to whom the SSN actually belongs.  Next, EFX is supposed to "cross block", which means that EFX blocks Plaintiff's SSN from appearing on other people's consumer reports.

9.    EFX willfully and negligently violated the following provisions of the Fair Credit Reporting Act (FCRA):  1) 15 U.S.C. § 1681b by allowing those without a permissible purpose to obtain Plaintiff's consumer reports; 2) 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure the maximum possible accuracy of the information in Plaintiff's consumer reports; 3) 15 U.S.C. § 1681g by failing to provide Plaintiff with a complete copy of his credit file upon Plaintiff's request; and 4) 15 U.S.C. § 1681i by failing to conduct a reasonable re-investigation into Plaintiff's disputes.

10.    EFX's violations of the FCRA have caused Plaintiff actual damages including emotional distress, mental anguish, harm to reputation, worry, stress, inconvenience, harm to credit score, and lost credit opportunities.

### ALLEGATIONS AGAINST EXPERIAN

11.    In or around October 2016, Plaintiff became aware of some major problems on his Experian report, including the following inaccuracies:  1) XPN had several names that did not belong to Plaintiff listed as Plaintiff's name; 2) XPN had several addresses that Plaintiff had never lived at listed as Plaintiff's addresses; 3) there were accounts on Plaintiff's report that did not belong to Plaintiff; 4) there were inquiries on Plaintiff's report, for which there was no permissible purpose, and for which Plaintiff did not authorize; 5) there were multiple SSNs on Plaintiff's report, even though Plaintiff only has 1 SSN; and 6) there were employers listed in the employment section that Plaintiff had no affiliation with.

12. The causes of the inaccuracies on Plaintiff's credit report is a product of either a mixed/merged file, identity theft, a multiple file, or some combination thereof.

13. In October 2016, Plaintiff sent a written dispute to XPN disputing the inaccurate information and requesting a complete copy of his credit file.

14. Plaintiff has no record of receiving a response from XPN to his October 2016 dispute.

15. XPN willfully and negligently violated the following provisions of the Fair Credit Reporting Act (FCRA): 1) 15 U.S.C. § 1681b by allowing those without a permissible purpose to obtain Plaintiff's consumer reports; 2) 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure the maximum possible accuracy of the information in Plaintiff's consumer reports; 3) 15 U.S.C. § 1681g by failing to provide Plaintiff with a complete copy of his credit file upon Plaintiff's request; and 4) 15 U.S.C. § 1681i by failing to conduct a reasonable re-investigation into Plaintiff's disputes.

16. XPN's violations of the FCRA have caused Plaintiff actual damages including emotional distress, mental anguish, harm to reputation, worry, stress, inconvenience, harm to credit score, and lost credit opportunities.

## ALLEGATIONS AGAINST TRANS UNION

17. In or around October 2016, Plaintiff became aware of some major problems on his Trans Union report, including the following inaccuracies: 1) TU had several names that did not belong to Plaintiff listed as Plaintiff's name; 2) TU had several addresses that Plaintiff had never lived at listed as Plaintiff's addresses; 3) there were accounts on Plaintiff's report that did not belong to Plaintiff; 4) there were inquiries on Plaintiff's report, for which there was no permissible purpose, and for which Plaintiff did not authorize; 5) there were multiple SSNs on Plaintiff's report, even though Plaintiff only has 1 SSN; and 6) there were employers listed in the employment section that Plaintiff had no affiliation with.

18. The causes of the inaccuracies on Plaintiff's credit report is a product of either a mixed/merged file, identity theft, a multiple file, or some combination thereof.

19. Plaintiff disputed the inaccurate information with Trans Union, who failed to fix the majority of the problems.

20. TU willfully and negligently violated the following provisions of the Fair Credit Reporting Act (FCRA): 1) 15 U.S.C. § 1681b by allowing those without a permissible purpose to obtain Plaintiff's consumer reports; 2) 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure the maximum possible accuracy of the information in Plaintiff's consumer reports; 3) 15 U.S.C. § 1681g by failing to provide Plaintiff with a complete copy of his credit file

upon Plaintiff's request; and 4) 15 U.S.C. § 1681i by failing to conduct a reasonable re-investigation into Plaintiff's disputes.

21.    TU's violations of the FCRA have caused Plaintiff actual damages including emotional distress, mental anguish, harm to reputation, worry, stress, inconvenience, harm to credit score, and lost credit opportunities.

WHEREFORE, Plaintiff prays for the following relief:

    a.   actual damages to be determined at trial;
    b.   punitive damages to be determined at trial;
    c.   reasonable attorney fees and costs;
    d.   for such other relief as may be proper;

s/ Matthew R. Osborne

Attorney for Plaintiff

District Court, _____Arapahoe_____ County, Colorado
Court Address:

7325 S. Potomac St., Centennial, CO 80112

Plaintiff    Tan Nguyen

v.

Defendant  Equifax Information Services, LLC; Experian Information
Solutions, Inc.; Trans Union, LLC

DATE FILED: March 1, 2017 3:29 PM
FILING ID: 39A08D4D5C7B6
CASE NUMBER: 2017CV30482

▲    COURT USE ONLY    ▲

Case Number:

Division:          Courtroom:

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Equifax Information Services, LLC; Experian Information Solutions, Inc.; Trans Union, LLC

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: February 14, 2017 _____

s/Matthew R. Osborne
Attorney for Plaintiff

10465 Melody Dr, Ste 325

Northglenn, CO 80234
Address of Attorney for Plaintiff

303-759-7018
Attorney's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons.  If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600  R10-13   DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

| District Court, Arapahoe County, Colorado<br>7325 S. Potomac St.<br>Centennial, CO 80112 | DATE FILED: March 1, 2017 3:29 PM<br>FILING ID: 39A08D4D5C7B6<br>CASE NUMBER: 2017CV30482 |
|---|---|
| Plaintiff(s): Tan Nguyen<br><br>v.<br><br>Defendant(s): Equifax Information Services, LLC;<br>Experian Information Solutions, Inc.; Trans Union, LLC | ▲                    ▲<br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Matthew R. Osborne #40835<br>10465 Melody Dr, Ste 325<br>Northglenn, CO 80234<br>Phone Number: (303) 759-7018<br>E-mail: matt@mrosbornelawpc.com | Case Number:<br><br><br><br>Division        Courtroom |

**DISTRICT COURT CIVIL (CV) COVER SHEET FOR INITIAL PLEADING OF
COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ❑This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☒This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

      ❑The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

❑ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐C.R.C.P. 16.1 applies to this case.

☐C.R.C.P. 16.1 does not apply to this case.

**4.** ❑ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: February 14, 2017

s/Matthew R. Osborne
Signature of Attorney

DISTRICT COURT
ARAPAHOE COUNTY, COLORADO
Arapahoe County Justice Center
7325 S. Potomac St.
Centennial, CO 80112

COURT USE ONLY
CASE NUMBER: 2017CV30482

Plaintiff(s): TAN NGUYEN

Case Number: 2017CV30482

v.

Division: 15

Defendant(s): EQIFAX INFORMATION SERVICES, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC

**DELAY REDUCTION ORDER**
(FOR CASES FILED ON OR AFTER JULY 1, 2015)

This Court is on a delay reduction docket.

   A.    For all civil actions, the following deadlines must be met:

   1.    Service of Process:  Returns of service on all defendants shall be filed within 63 days after the date of the filing of the complaint.

   2.    Default Judgment:  Application for default judgment shall be filed within 35 days after default has occurred.

   3.    Trial Setting:

   a.  For actions governed by C.R.C.P. 16, the trial shall be set at the case management conference.  Pursuant to C.R.C.P. 16(d)(1), the case management conference shall be held no later than 49 days after the case is at issue. The responsible attorney shall file and serve a notice to set the case management conference no later than 7 days after the case is at issue. The proposed case management order is due no later than 7 days prior to the conference.

   i.  "The responsible attorney" shall mean plaintiff's counsel, if the plaintiff is represented by counsel, or if not, the defense counsel who first enters an appearance in the case.

   ii.  A case shall be deemed at issue when all parties have been served and all pleadings permitted by C.R.C.P. 7 have been filed or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the Court may direct.

   b.  For actions governed by Simplified Procedure under C.R.C.P. 16.1, the responsible attorney shall set the case for trial pursuant to C.R.C.P. 121, 1-6 no later than 42 days after the case is at issue, unless otherwise ordered by the Court.

    i. "The responsible attorney" shall mean plaintiff's counsel, if the plaintiff is represented by counsel, or if not, the defense counsel who first enters an appearance in the case.

    ii. A case shall be deemed at issue when all parties have been served and all pleadings permitted by C.R.C.P. 7 have been filed or defaults or dismissal have been entered against all non-appearing parties, or at such other time as the Court may direct.

B.    A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

C.    Plaintiff shall send a copy of this Order to all other parties who enter an appearance, and shall file a certificate of mailing within 14 days following the entry of appearance.

D.    Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E.    If an attorney or pro se party fails to comply with this Order, the Court may dismiss the case without prejudice.

Date:  3/1/2017

BY THE COURT:<br>
ASSIGNED JUDGE

-2-

DISTRICT COURT
ARAPAHOE COUNTY, COLORADO
Arapahoe County Justice Center
7325 S. Potomac St.
Centennial, CO 80112

▲ COURT USE ONLY ▲

Plaintiff(s):

Case Number:

v.

Division:

Defendant(s):

**ORDER REGARDING PLAN FOR SETTLEMENT PURSUANT TO C.R.C.P. 16(b)(7) and C.R.S. §§ 13-22-311, 313**

The following Orders apply to this case.

1.  This Order applies to all civil cases filed at this Court.

2.  No later than 35 days after the case is at issue, the parties shall explore the possibility of a prompt settlement or resolution of the case.

3.  No later than 42 days after the case is at issue, the parties shall submit a document entitled "Stipulated Plan Regarding Settlement" setting forth their plans for future efforts to settle the case to the Court. Unless notified otherwise by the Court, the Stipulated Plan Regarding Settlement is automatically adopted as an Order of the Court.

    The Stipulated Plan Regarding Settlement (ADR Plan) must include the following:

    a.  Specification of the selected form of ADR. The parties may select any form of ADR defined in C.R.S. § 13-22-302.

    b.  Designation of a provider who has been contacted and has agreed to provide ADR services to the parties. The parties may select any provider available in the community including Office of Dispute Resolution (ODR). ODR offers moderately priced mediation and other ADR services. ODR can be scheduled at www.ColoradoODR.org or call 720-625-5940.

4.  If no stipulated plan is submitted within 42 days of the case being at issue, the Court-ordered plan shall be that the parties must participate in mediation with ODR no later than 63 days prior to the trial date.

5.  Failure to comply with this Order may result in sanctions including, but not limited to, loss of trial date.

-3-

6. The parties must certify in the proposed Trial Management Order (due 28 days before trial) that they have complied with the Stipulated Plan Regarding Settlement or with ODR pursuant to paragraph 3 above.

7. Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

BY THE COURT:<br>ASSIGNED JUDGE

-4-